USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENZER BELL,

                Plaintiff,

- against -

GOTHAM PROCESS SERVICE, INC., LINDA L.
FORMAN, the ESTATE OF EUGENE FORMAN,
JORDAN M. FORMAN, and STUART FORMAN,

                Defendants.

---

06 Civ. 470 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Renzer Bell, proceeding pro se, brings this diversity action against Gotham Process Service, Inc. ("Gotham"), Linda L. Forman, the Estate of Eugene Forman, Jordan M. Forman, and Stuart Forman (the "defendants"), alleging malpractice in service of process and negligence for improperly serving a Summons and Verified Complaint on Kimber Manufacturing, Inc. in the underlying action, Renzer Bell v. Kimber Manufacturing, Inc., et al, New York State Supreme Court, New York County, Index No. 100624/01. The defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the plaintiff has cross moved for leave to file an amended complaint.

I.

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. T.R.M. Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its initial burden of showing a lack of a material issue of fact, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998).

Where, as here, a pro se litigant is involved, although the same standards apply, a court should give the pro se litigant special latitude in responding to a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d. Cir. 1999) (noting that courts "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest'")(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); Judge v. Henderson, 172 F. Supp. 2d 410, 411-12

(S.D.N.Y. 2001). In particular, the pro se party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. See McPherson, 174 F.3d at 281. In this case, the plaintiff was advised of the procedures for responding to a motion for summary judgment by a Notice to Pro Se Litigant Opposing Motion for Summary Judgment dated January 19, 2007[1].

The affirmation and documents submitted by the parties disclose the following facts. On January 8, 2001, the plaintiff filed a Summons and Verified Complaint ("Complaint #1) in the New York State Supreme Court, New York County, against Kimber Manufacturing, Inc. ("Kimber"), Neil Guideman, and New York Iron Works. The plaintiff hired defendant Gotham to serve Kimber with Complaint #1. The plaintiff then filed an Amended Verified Complaint ("Complaint #2"). On October 17, 2001, the court referred the question of whether the defendant had been properly served with a complaint to a Special Referee, who held a hearing and issued a report. On June 14, 2002, the court confirmed the Special Referee's report by dismissing the complaint for improper service but gave the plaintiff twenty days to reserve the first complaint properly. See June 14, 2002 Decision and

---

[1] The notice contained the verbatim language of Rule 56.2 of the Local Civil Rules of the Southern and Eastern Districts of New York. The notice did not attach a copy of the full text of Rule 56 but the plaintiff candidly conceded at the argument of the motion that he had personally obtained a copy of the Rule.

4

Order of Justice Louis York, <u>Bell v. Kimber Mfg.</u>, No. 100624/2001 (N.Y. Sup. Ct., N.Y. Co.), attached as Ex. I to Aff. of Siobhan Healy dated January 19, 2007 ("Healy Aff."). That was not done.

On or about July 8, 2002, the plaintiff served Kimber with an amended complaint ("Complaint #3") through its process agent in Delaware. The complaint added parties without the court's permission and was not served within the twenty days required by the order. At some point, the plaintiff hired defendant Gotham to serve Kimber with Complaint #2. When this complaint ("Complaint #4") was served on Kimber on July 9, 2002, through the Secretary of the State of New York, there were handwritten alterations to the caption.

By an order dated December 4, 2002, and filed December 17, 2002, the court dismissed the action in its entirety because the plaintiff failed to effectuate service upon Kimber because he served an amended complaint (Complaint #3) that was untimely and in violation of the court's order. <u>See</u> December 4, 2002 Decision and Order of Justice Louis York, filed on December 17, 2002, No. 100624/01 (N.Y. Sup. Ct., N.Y. Co.), attached as Ex. O to Healy Aff. The court explained: "[P]laintiff's service of the amended complaint was not only untimely, but in violation of the court's order. The court gave plaintiff a final opportunity to effectuate service upon Kimber in order to allow him a chance to

avoid dismissal of the complaint as against it - not to allow plaintiff to restructure his lawsuit by adding parties to the caption over a year-and-a-half after the service of the initial complaint. Accordingly, the amended complaint that plaintiff served upon the moving defendants is a nullity." Id.

The plaintiff commenced this lawsuit on or about December 27, 2005, alleging that the defendants made the handwritten alterations to Complaint #4 and that these alterations caused the ultimate dismissal of the plaintiff's action. The plaintiff alleges two causes of action under new York law, malpractice in service of process (First Cause of Action), and negligence (Second Cause of Action). The parties do not dispute that New York substantive law should be applied in this action which is based on diversity of citizenship jurisdiction. The Court can accept that agreement. See, e.g. Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 239 n. 4 (2d Cir.1999); Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir.1989); Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp., No. 06 Civ. 52, 2006 WL 2337186, at *10 n. 4 (S.D.N.Y. August 11, 2006).

## II.

The defendants move for summary judgment on four grounds. First, the defendants argue that the plaintiff's defective service of Complaint #3 upon Kimber was the proximate cause of the dismissal of the state court action and thus there is no causal connection between Gotham's alleged negligence or malpractice and the dismissal of the plaintiff's claim. Second, the defendants argue that the plaintiff's negligence and malpractice claims are barred by the statute of limitations. Third, the defendants argue that a cause of action for malpractice cannot be maintained against a process server. And fourth, the defendants argue that the plaintiff cannot maintain his claims against the individual defendants because defendant Gotham is a corporation and the plaintiff has made no showing to pierce the corporate veil. The plaintiff objects to the form of the papers submitted by the defendants and cross moves for leave to file an amended complaint.

**A.**

As an initial matter, the plaintiff's objections to the form of the defendants' summary judgment papers are without merit. The defendants' papers were filed in accordance with the requirements set forth in Local Rule 56.1 and Federal Rule of Civil Procedure 56, and while the plaintiff objects to the defendants' failure to advise the plaintiff of all of their

arguments in a pre-motion conference, there is no such requirement.

### B.

The plaintiff's negligence and malpractice claims cannot succeed without proof that the defendants were negligent and that this negligence was the proximate cause of the dismissal of his case. Warney v. McMahon Martine & Gallagher, No. 95-Cv-7064, 1999 WL 1043862, at *1 (S.D.N.Y. Nov. 17, 1999); Kleeman v. Rheingold, 614 N.E.2d 712, 717 (N.Y. 1993). In this case, the plaintiff was given twenty days to reserve his complaint after the initial dismissal. However, the plaintiff then served an untimely and amended complaint without the permission of the court. The state court then dismissed the plaintiff's case not because of the defective service of Complaint #4 by the process server, but because of the defective complaint served by the plaintiff and his failure to comply with the original order of the court allowing reservice. After the initial complaint was dismissed for improper service, the plaintiff could have cured the service, and prevented injury, but it was his defective service that was found to cause the dismissal.

While the plaintiff alleges in the present complaint that it was the handwritten additions to Complaint #4 by the process server that made the process ineffective, the state court, in

8

dismissing the plaintiff's case, focused on the plaintiff's defective service of Complaint #3, which was in violation of the court's order and failed to give the court jurisdiction over Kimber. Therefore because the plaintiff was afforded the opportunity to cure the improper service of the first complaint by properly serving Kimber with Complaint #1, but failed to do so, he has not provided any evidence that the defendants' alleged negligence or malpractice was the proximate cause of the dismissal of the plaintiff's case. The plaintiff had sufficient opportunity to protect his rights, and any negligence by the defendants in serving either Complaint #1 or Complaint #4 was not the proximate cause of the plaintiff's injury. See Ramcharan v. Pariser, 799 N.Y.S.2d 564, 564 (App. Div. 2005); Perks v. Lauto & Garabedian, 760 N.Y.S.2d 231, 231 (App. Div. 2003); Albin v. Pearson, 734 N.Y.S.2d 564, 564 (App. Div. 2001); Kozmal v. Law Firm of Allen L. Rothenberg, 660 N.Y.S.2d 63, 63 (App. Div. 1997). Accordingly, the plaintiff's claims of negligence and malpractice fail.

C.

The plaintiff's negligence and malpractice claims also fail because they are barred by the statute of limitations. There is a three-year statute of limitations applicable to a negligence action, which runs from the date of the occurrence of the

injury, rather than the date of the wrongful act of the defendants or the date the injury is discovered. See N.Y. C.P.L.R. § 214; Kronos, Inc. v. AVX Corp., 612 N.E.2d 289, 292 (N.Y. 1993); Snyder v. Town Insulation, Inc., 615 N.E.2d 999, 1000-1001 (N.Y. 1993); see also Jensen v. City of New York, 734 N.Y.S.2d 88, 89 (App. Div. 2001) (citing Playford v. Phelps Mem'l. Hosp. Ctr., 680 N.Y.S.2d 267 (App. Div. 1998)). In this case the injury, namely the dismissal of the plaintiff's state court action, occurred on December 17, 2002. This action was commenced when the plaintiff filed his complaint with the Pro Se Office of this Court on December 27, 2005. Therefore the limitation period for the plaintiff's negligence claim had run by the time he commenced this suit.

The same three-year statute of limitations applies under New York C.P.L.R. § 214 to a professional malpractice action, other than medical, dental or podiatric malpractice. The limitations period runs from the time the alleged malpractice was committed, not from when it was discovered. See Williamson ex rel. Lipper Convertibles, L.P. v. PricewaterhouseCoopers LLP, 872 N.E.2d 842 (N.Y. 2007); Alicanti v. Bianco, 767 N.Y.S.2d 815, 815 (App. Div. 2003). In this case the alleged malpractice occurred on July 9, 2002 with the service of Complaint #4 by the defendant process server. The plaintiff commenced this action on December 27, 2005, more than three years from the date of

accrual for his malpractice claim. Accordingly, the plaintiff's alleged professional malpractice claim is time barred.

**D.**

The plaintiff's malpractice claim also fails because New York does not recognize a separate cause of action for malpractice against a process server. In interpreting N.Y. C.P.L.R. § 214(6), the statute of limitations for malpractice in New York, the New York State Court of Appeals has defined malpractice as "professional misfeasance toward one's client" and further defined "professionals" as those with "extensive formal learning and training, licensure and regulation indicating qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards." Chase Scientific Research, Inc. v. NIA Group, Inc., 749 N.E.2d 161, 162, 166 (N.Y. 2001). The New York Court of Appeals has found that insurance agents and brokers, although required to be licensed, are not subject to claims of malpractice. Id. at 167. Process servers are service providers, not professionals. It is the lawyer, rather than a licensed process server, who has the non-delegable duty to assure proper service of the client's legal process as members of a "learned profession" with the necessary knowledge and experience to comply with the complex

requirements for legal service of process. Kleeman, 614 N.E.2d at 716. Given the restrictive interpretation of "professionals" used by the Court of Appeals for recognizing a claim of professional malpractice, there is no basis for treating process servers as such professionals so as to recognize a claim of professional malpractice against them. This is particularly true because a plaintiff should have available claims for negligence and breach of contract.

### E.

The plaintiff cannot maintain his claims of negligence and malpractice against individual defendants Linda L. Forman, the Estate of Eugene Forman, Jordan M. Forman, and Stuart Forman for Gotham's alleged improper service because defendant Gotham is a corporation and the plaintiff has failed to provide any evidence to justify piercing the corporate veil. See, e.g., Morris v. N.Y. State Dep't. of Taxation & Fin., 623 N.E.2d 1157, 1160-61 (N.Y. 1993) ("[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."); JSC Foreign Econ. Assoc. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 306 F. Supp. 2d 482, 485-86 (S.D.N.Y. 2004)(listing ten

factors to be considered in determining whether to pierce the corporate veil).

All the plaintiff has alleged is that the corporate defendant might not be a corporation, but that speculation is not a basis to proceed in the face of a motion for summary judgment. Mere speculation and failure to adduce facts to dispute the accuracy of the movants' affirmation will not defeat a motion for summary judgment. See Scotto, 143 F.3d at 114; Logan v. St. Luke's Roosevelt Hosp. Ctr., 636 F. Supp. 226, 232 (S.D.N.Y. 1986). Moreover, the defendants have provided proof that Gotham is an active domestic business corporation. There is no showing by the plaintiff of any basis to hold the individual defendants liable for the alleged liability of Gotham. The claims against Linda L. Forman, the Estate of Eugene Forman, Jordan M. Forman, and Stuart Forman are therefore **dismissed**.

### F.

The plaintiff asks the Court to grant him leave to amend the complaint to add causes of action for breach of contract and breach of warranty. The plaintiff particularly seeks to raise a claim that Gotham's failure to serve Kimber properly with the original complaint was a breach of its contract with the plaintiff. Generally, motions to amend should be freely

granted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be granted in the absence of "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. N.Y. City Dep't. of Corr., 214 F.3d 275, 283 (2d Cir. 2000); see also Arbitration Between Space Sys./Loral, Inc. v. Yuzhnoye Design Office, 164 F. Supp. 2d 397, 400-01 (S.D.N.Y. 2001).

In this case, the defendants argue that amending the complaint to add claims for breach of contract and breach of warranty would be futile because there are no damages because there is no causal connection between Gotham's alleged improper service and the dismissal of the plaintiff's claims against Kimber. The defendants further argue that adding a cause of action for breach of warranty would also be futile because the duty owed by Gotham to the plaintiff was one for a service, and thus Gotham may not be subjected to liability on the theory that it violated any implied or express warranty. See Resnick v. Lebovitz, 813 N.Y.S.2d 480 (App. Div. 2006).

Because the plaintiff has not submitted a proposed amended complaint, the Court cannot determine at this stage that the plaintiff cannot establish claims for breach of contract or breach of warranty, and, if there is a claim, what the measure of damages for such a claim may be. See Riccuiti v. N.Y. City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Moreover, the

pleadings of a pro se litigant should be construed in the light most favorable to the pro se litigant. See Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Because the Court cannot now determine whether the plaintiff's proposed claims can be sustained, the plaintiff should be afforded the opportunity to assert them. The plaintiff's cross-motion is therefore **granted**.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment dismissing this action is **granted** without prejudice to any claims for breach of contract or breach of warranty that the plaintiff may assert against defendant Gotham. Any amended complaint must be filed within thirty (30) days of the date of this Opinion and Order.

SO ORDERED.

Dated: New York, New York
November 27, 2007

John G. Koeltl
United States District Judge